UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard F. Boone | : | CIVIL ACTION #02-CV-3726 |
|     Plaintiff | : | |
| vs. | : | JURY TRIAL DEMANDED |
| Sharon Hill Borough Police Department | : | |
| County of Delaware | : | |
|     Defendants | | |

**MEMORANDUM OF LAW OF DEFENDANT,
COUNTY OF DELAWARE, IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT F.R.C.P. 12(b)(6)**

**I.     FACTS**

Plaintiff's Complaint alleges that on June 17, 2000 a police officer from the Sharon Hill Police Department arrested him for "being at my home." Plaintiff alleges further in his Complaint that he was told that he was being taken into custody and that he could "explain it to the Judge." He then indicates that he informed the Magistrate and he was, once again, told to "tell it to the Judge." Plaintiff's Complaint alleges that his arrest and incarceration for a period of five (5) days constitutes unlawful restraint and false imprisonment.

Nowhere in Plaintiff's Complaint does Plaintiff raise any allegations that the County of Delaware had anything to do with his arrest or detention. Nowhere in Plaintiff's Complaint does the Plaintiff allege that employees of the County of Delaware had anything to do with his arrest or detention. In fact, Plaintiff's Complaint raises no allegation whatsoever with respect to the County of Delaware.

**II.     APPLICABLE STANDARD PURSUANT TO F.R.C.P. 12(b)(6)**

The Federal Rules of Civil Procedure provide the right to dismiss for failure of the pleading to "… state a claim upon which relief can be granted…" F.R.C.P. 12(b)(6). The

purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint. <u>Sturm vs. Clark</u>, 835 F.2d 1009, 1011 (3rd Cir 1987). In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." <u>Unger vs. National Residence Matching Program</u>, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

The Complaint in an action brought pursuant to 42 U.S.C. §1983 must contain a modicum of specificity, identifying particular conduct of the Defendant that is alleged to have harmed the Plaintiff. <u>Ross vs. Meagan</u>, 638 F.2d 646, 650 (3rd Cir. 1981). While the Court will accept well pleaded allegations as true for the purpose of the Motion "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." <u>Morse vs. Lower Merion School District</u>, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). Accordingly, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n)(8) (citing in support <u>Charles Allen Wright and Arthur R. Miller</u>, Federal Practice and Procedures §1357 (2nd Edition 1997).

### III.  ARGUMENT

**A.  Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted Against The County of Delaware.**

Although Plaintiff's Complaint fails to explicitly state that he is proceeding under 42 U.S.C. §1983, for purposes of this Motion it is assumed that he is, in fact, proceeding thereunder. The review of the factual allegations set forth in Plaintiff's Complaint makes it abundantly clear that the Plaintiff had no contact with the County of Delaware at the time that his cause of action arose on June 17, 2000. Plaintiff's Complaint contains a paucity of facts but those which are

alleged relate to the co-Defendant Sharon Hill Police Department rather than the County of Delaware. It is well-settled that actions brought pursuant to 42 U.S.C. §1983 require the Plaintiffs to plead their claims with a degree of specificity which is greater than generally required. In particular, Courts have held that Plaintiffs must identify particular conduct of the Defendant that is alleged to have harmed the Plaintiff. Ross vs. Meagan, 638 F.2d 646, 650 (3rd Cir. 1981).

In the matter of Carroll vs. Bristol Township, 827 F. Supp. 332 (E.D. Pa. 1993) the Court, through Judge Joyner, held that claims under §1983 have a "heightened specificity requirement." The Judge went on to state that this more stringent requirement was imposed to protect public officials from frivolous claims and to provide adequate notice so that Defendants would be able to draft a responsive pleading. The Court noted that this requirement could be satisfied by Plaintiff by "pleading the time and place of the alleged conduct, the individuals responsible and the conduct violating the Plaintiff's rights." It is of particular note that the Plaintiff herein has alleged no conduct which would establish that the County of Delaware was involved in his arrest or detention and, therefore, it is clear that the Plaintiff has not sufficiently plead a cause of action under 42 U.S.C. §1983. Accordingly, Plaintiff's Complaint against the County of Delaware should be dismissed with prejudice.

If Plaintiff's Complaint is determined to be presenting a cause of action under Monell vs. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978) it must also fail. Plaintiff's Complaint fails to set forth any allegations which could arguably give rise to a cause of action under this theory. In order for a Plaintiff to pursue a cause of action against a municipality, he must demonstrate that:

> (1) a municipal policy or custom existed that was promulgated or acquiescent by a particular high level official having policy

making authority; (2) the policy making official was deliberately indifferent to the constitutional rights of the municipality's inhabitants; and, (3) the policy or custom proximately caused Plaintiff's injury.

Oponsky vs. Michaels, 1995 W.L. 732811 (E.D. Pa.) citing Simmons vs. City of Philadelphia, 947 F.2d 1042, 1060-62 (3rd Cir. 1991), cert. denied, 503 U.S. 985 (1992).

Clearly, Plaintiff's Complaint alleges no basis for proceeding against the County of Delaware under a Monell theory and, therefore, Plaintiff's Complaint should be dismissed.

**B.    Whether Plaintiff's Complaint, To The Extent That it Alleges A Cause Of Action Under State Tort Law Must Be Dismissed Under the Provisions Of The Pennsylvania Political Subdivision Tort Claims Act.**

As noted previously, Plaintiff alleges the torts of unlawful restraint and false imprisonment and, presumably, false arrest, as a result of the incident of June 17, 2000. Plaintiff has not alleged that any particular employee of the County of Delaware performed any act or omission giving rise to these causes of action and, in particular, Plaintiff does not plead any facts which would indicate that the County of Delaware had any involvement. It is also clear that the torts alleged by the Plaintiff are intentional torts not negligent acts.

Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541, et seq., provides immunity to local agencies including the County of Delaware under certain circumstances for its negligent acts.

Pertinent portions of this Act are as follows:

> Except as otherwise provided in the subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person. 42 Pa. C.S.A. §8541.

4

It is not questioned that the Borough of Darby is a local agency pursuant to this Act. Moreover, the employees of the local agency such as the named police officers enjoy the same immunity afforded to the municipality.

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter. 42 Pa. C.S.A. §8545.

The exceptions to the governmental immunity are set forth at 42 Pa. C.S.A. §8542 as follows:

> (a) liability imposed.—a local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the Acts set forth in subsection (b):
>
> (1) the damages would be recoverable under common law or a statue creating a cause of action if the injury were caused by a person not having available a defense under §8541 (relating to governmental immunity generally) or §8546 (relating to defense of official immunity); and
>
> (2) the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

There are 8 specific categories of acts for which immunity has been waived. These include:

1. Vehicle liability;
2. Care, custody or control of personal property;
3. Care, custody or control of real property;
4. Trees, traffic controls and street lighting;
5. Utility service facilities;
6. Streets;
7. Sidewalks; and,
8. Care, custody or control of animals.

Clearly, Plaintiff's allegations do not fall within any of the enumerated exceptions to immunity under the Tort Claims Act. More importantly, however, the causes of action for intentional torts against the County must fail since they would necessarily involve willful misconduct on the part of an employee or agent of the County for which the County has no liability. 42 Pa. C.S. §8542(a)(2). For these reasons, the County of Delaware cannot be liable to the Plaintiff for intentional torts under Pennsylvania law.

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted against the County of Delaware under any theory, federal or state. Initially, it is noted that the Plaintiff's Complaint fails to set forth any allegations against the County of Delaware regarding any wrongdoing and, if Plaintiff is proceeding under 42 U.S.C. §1983, Plaintiff's standard is that of a heightened degree of specificity which Plaintiff plainly does not meet. Moreover, Plaintiff's Complaint against the County of Delaware does not set forth any allegations which would establish even one element of a <u>Monell</u> claim.

To the extent that Plaintiff alleges state tort law causes of action for intentional torts, these too must fail as the County of Delaware is immune from intentional tort liability under the Pennsylvania Political Subdivision Tort Claims Act. A municipality can only act through its agents and its agents willful misconduct cannot be imputed to the municipality. For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully Submitted,
**HOLSTEN & ASSOCIATES**


BY: _____
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney for County of Delaware**