### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Richard F. Boone** | : | **Civil Action No.: 02-3726** |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **Sharon Hill Borough PD; County of Delaware;** | : | |
| **Media, PA** | : | |
| **Defendants** | : | |

## NOTICE UNDER LOCAL RULE FOR THE EASTERN DISTRICT OF PENNSYLVANIA 7.1(c)

TO ALL PARTIES:

Under the above-captioned Local Rule for the Eastern District Court of Pennsylvania 7.1(c), a Reply Memorandum must be filed within fourteen (14) days of _____ 2002, the date when the Motion to Dismiss Plaintiff's Complaint of Defendant Sharon Hill Borough Police Department was filed. If no Reply Memorandum is filed as provided by the Rules, the Court shall proceed to disposition of the Motion without said Memorandum.

                                                    Respectfully submitted,

                                                    **HOLSTEN & ASSOCIATES**

      **By:** _____
                                               **PAOLA TRIPODI KACZYNSKI, ESQUIRE**
                                               **Attorney ID No. 59602**
                                             **One Olive Street**
                                             **Media, PA 19063**
                                             **(610) 566-8800**
                                             **Attorney for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Richard F. Boone,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | No. 02-3726 |
| vs. | : | |
| | : | |
| **Sharon Hill Borough PD; County of** | : | Jury Trial Demanded |
| **Delaware; Media, PA** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion to Dismiss Plaintiff's Complaint of Defendant Sharon Hill Borough Police Department and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is hereby **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to the Sharon Hill Borough Police Department.

                                                **BY THE COURT:**

                                                _____
                                                **Honorable Edmund V. Ludwig         J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard F. Boone,   Plaintiff | : : : | Civil Action |
| vs. | : : | No. 02-3726 |
| Sharon Hill Borough PD; County of Delaware; Media, PA   Defendants | : : : | Jury Trial Demanded |

### MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANT <u>SHARON HILL BOROUGH POLICE DEPARTMENT</u>

Defendant Sharon Hill Borough Police Department, by and through its undersigned counsel, hereby moves this Honorable Court to dismiss Plaintiff's Complaint as to the Sharon Hill Borough Police Department, with prejudice, and in support thereof avers the following:

1. Plaintiff initiated the instant action by filing a <u>Pro</u> <u>Se</u> Complaint in the United States District Court for the Eastern District of Pennsylvania on or about June 26, 2002.

2. In his Complaint, Plaintiff has named as a Defendant the Sharon Hill Borough Police Department.

3. For reasons which are more fully set forth in the attached Memorandum of Law, which is incorporated by reference herein, Plaintiff has not set forth a cause of action upon which relief may be granted against Defendant Sharon Hill Borough Police Department. His Complaint should therefore be dismissed in its entirety as to this Defendant, with prejudice.

WHEREFORE, Defendant Sharon Hill Borough Police Department respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss all claims and Crossclaims against it, with prejudice.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**Dated:** _____  **BY;** _____
**PAOLA TRIPODI KACZYNSKI, ESQUIRE**
**Attorney ID No. 59602**
**One Olive Street**
**Media, PA 19063**
**(610) 566-8800**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Richard F. Boone,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | No. 02-3726 |
| vs. | : | |
| | : | |
| **Sharon Hill Borough PD; County of** | : | Jury Trial Demanded |
| **Delaware; Media, PA** | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OF DEFENDANT
SHARON HILL BOROUGH POLICE DEPARTMENT**

**I.   FACTS**

Plaintiff claims that on June 17, 2000, he was arrested by Officer J. Patton of the Sharon Hill Borough Police Department for "being at my home." (Plaintiff's Complaint, p. 1). Plaintiff claims that he informed the Officer he was allowed to be at his house, but he was arrested anyway and told to "explain it to the Judge." Id.

Plaintiff then claims that he suffered various injuries and damages as the result of being detained from June 17, 2000 until June 22, 2000. Id. at p. 2.

**II.   ARGUMENT**

    **A.   Applicable Standard for a Motion to Dismiss**

Pursuant to the Federal Rules of Civil Procedure, this Honorable Court may dismiss a Complaint if it fails to state a cause of action upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). A Motion brought pursuant to this Rule tests the legal sufficiency of the Complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987). In ruling on such a Motion, the Court must accept as true all well pleaded facts in the Complaint and any reasonable inferences that can be drawn from them. Unger v. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3rd Cir. 1991). However, the Court is not obligated to "credit a Complaint's bald assertions or legal

conclusions…" Morse v. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1987).

> **B.   Plaintiff's Complaint Fails To State A Cause Of Action Upon Which Relief May Be Granted Against The Sharon Hill Borough Police Department**

Since Plaintiff's Pro Se Complaint mentions that his constitutional rights were allegedly violated, Moving Defendant, Sharon Hill Borough Police Department, will assume that Plaintiff is brining his claims under 42 U.S.C. §1983. (Plaintiff's Complaint, p. 2). Plaintiff claims that his arrest was unlawful because he was arrested for "being at my home" when he allegedly was allowed to be there. The constitutionality of arrests by police officers is governed by the Fourth Amendment. County of Sacramento v. Lewis, 523 U.S. 833, 842-43, 118 S.Ct. 1708, 140 L.Ed. 2d 1043 (1998). Under the Fourth Amendment, an arrest is permitted if there is probable cause for the arrest. Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3rd Cir. 1995). A police officer would only be liable for a constitutional violation if "no reasonable competent officer" would believe probable cause existed. Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed 2d 217 (1986).

Defendant Sharon Hill Borough Police Department respectfully requests this Honorable Court to take judicial notice of the fact that prior to the date of this incident (June 17, 2000), the Delaware County Court of Common Pleas had entered a Protection From Abuse Order against Plaintiff Richard F. Boone on February 17, 2000. (A true and correct copy of the Order dated February 17, 2000 is attached hereto as Exhibit "A"). In addition, the local District Court had entered a Bail Bond Order on a charge of Indirect Criminal Contempt against the Plaintiff on May 10, 2000 which included a provision that Plaintiff be evicted from his residence. (A true and correct copy of Bail Bond Order of Judge Edward J. Gannon is attached hereto as Exhibit "B"). This Honorable Court may take judicial notice of these Orders in a context of a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, LTD, 81 F.3d 410, 426 (3rd Cir. 1999).

These Orders are offered not for the truth of the facts contained therein, but merely to show their existence, which Plaintiff should have no reason to dispute. Id. Moving Defendant respectfully suggests that the existence of these two Orders renders Plaintiff's contention that his constitutional rights were violated by his arrest for being at his residence unfounded. Obviously, Court Orders existed which would dispute Plaintiff's right to be at the residence. If he was evicted by Court Order, even if the Order was unfairly issued, then the police would be justified in arresting Plaintiff for being at his residence.

    **C.**    **Defendant Sharon Hill Borough Police Department Is Not A "Person" Sueable For Civil Rights Violations**

In his Complaint, Plaintiff has sued only the Sharon Hill Borough Police Department, which his an agency of the Borough of Sharon Hill, not a separate entity. Police Departments are generally not considered "persons" for the purpose of civil rights liability. P.B.A. Local No. 38 v. Woodbridge Police Department, 832 F.Supp. 808, 825 (D.N.J. 1993). Therefore, all claims against Sharon Hill Borough Police Department must be dismissed, with prejudice.

    **D.**    **Plaintiff's Complaint Does not Set Forth a Proper Cause of Action Against a Municipality**

Even assuming that the Borough of Sharon Hill Police Department was a proper Defendant to this action, Plaintiff has sued only the municipal entity, not any individual Defendant. It is clearly established that a municipality cannot be held liable under 42 U.S.C. §1983 unless the Plaintiff alleges that his injury has resulted from the implementation of some policy or custom of that municipality. Monell v. Department of Social Services, 436 U.S. 658, 694, 98 F.Ct. 2018, 2037, 56 L.Ed. 2d 611 (1978); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3rd Cir. 1990). The only two ways a municipal policy or custom can be established is for the Plaintiff to either: demonstrate that there was a policy or edict issued by a decision maker of that municipality with sufficient authority to establish municipal policy, or to show that a high official of the municipality approved the action in question. See Andrews, supra at 1480-

1481.  In addition, the Plaintiff must show an "affirmative link" between the occurrence of the police misconduct and the policy or custom in question.  Rizzo v. Goode, 423 U.S. 262, 371, 96 F.Ct. 598, 604, 46 L.Ed. 2d 561 (1976).

In the instant case, the Plaintiff has not pled the existence of any policy or custom of the Borough Sharon Hill which led to a violation of his constitutional rights.  In addition, as has been argued above, the Plaintiff has not demonstrated any unconstitutional conduct on behalf of a police officer of the Borough of Sharon Hill which was ratified or approved by the Borough.  Therefore, the claims against Moving Defendant must be dismissed, with prejudice.

### III.   CONCLUSION

For the above-stated reasons, Defendant the Borough of Sharon Hill Police Department respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss and dismissing Plaintiff's Complaint as to this Defendant, with prejudice.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

**Dated:_____**          **BY;** _____
**PAOLA TRIPODI KACZYNSKI, ESQUIRE**
**Attorney ID No. 59602**
**One Olive Street**
**Media, PA 19063**
**(610) 566-8800**

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
Civil Action-Law

Deborah A. Boone                               : No. 00-1446

vs.                                            :

Richard F. Boone                               : Protection From Abuse

### ORDER

AND NOW, this 17th day of February, 2000, it is **ORDERED AND DECREED** that:

(1) The Respondent, **Richard F. Boone**, shall refrain from abusing, harassing, striking, stalking, menacing, and threatening the Petitioner, **Deborah A. Boone**, or placing her in fear of abuse in any place where she may be found.

(2) The Sharon Hill Police shall enforce this Order as will any other police department in whose jurisdiction a violation of this Order is alleged to have occurred.

(3) Respondent has enrolled ~~in and shall~~ continue to attend counseling through Catholic Social Services.

(4) This Order shall remain in effect for one (1) year.

(5) RESP. DOES NOT ADMIT TO THE ALLEGATIONS OR ENGAGING IN CONDUCT ALLEGED.

BY THE COURT:

_m fitzgerald_ J.

CERTIFIED A TRUE AND CORRECT COPY FROM THE RECORD
THIS ____ DAY OF ____ A.D. ____
DEBORAH L. GASTON, DIRECTOR
OFFICE OF JUDICIAL SUPPORT

FEB 17  1 32 PM '00
FILED-JH
OFFICE OF JUDICIAL SUPPORT
DELAWARE CO. PA


DEFENDANT'S EXHIBIT A

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
Civil Action-Law

Deborah A. Boone : No. 00-1446

vs. :

Richard F. Boone : Protection From Abuse

## CONSENT AGREEMENT

AGREEMENT made this 17th day of February, 2000, by and between the Petitioner and the Respondent of Delaware County, Pennsylvania.

WHEREAS Petitioner has filed a Petition under the Protection From Abuse Act, as amended, No. 418, in the Court of Common Pleas of Delaware County.

WHEREAS the parties desire to resolve their differences by entering into this Consent Agreement as provided for in the Act.

(1) The Respondent, **Richard F. Boone**, shall refrain from abusing, harassing, striking, stalking, menacing, and threatening the Petitioner, **Deborah A. Boone**, or placing her in fear of abuse in any place where she may be found.

(2) The Sharon Hill Police shall enforce this Order as will any other police department in whose jurisdiction a violation of this Order is alleged to have occurred.

(3) Respondent has enrolled in and shall continue to attend counseling through Catholic Social Services.

(4) This Order shall remain in effect for one (1) year.

(5) The parties agree that there is no need for a hearing and that an Order incorporating the terms of this agreement shall be entered by the Court.

(6) RESP. DOES NOT ADMIT TO ALLEGATIONS OR ENGAGING IN CONDUCT ALLEGED

IN WITNESS WHEREOF:

_____          _____
Respondent                                Petitioner

# BAIL BOND

| | | |
|---|---|---|
| OTN | DJ No: | Date of Charge(s): |
| CC No: H 000503-6 | DJ Docket No: 32-2-50 MD-8-00 | 4/17/00 |

| Commonwealth vs. (Defendant Name and Address) | NEXT COURT ACTION  Date/ Time/ Location |
|---|---|
| RICHARD F. BOONE<br>136 BARTLETT AVENUE<br>SHARON HILL, PA. 19079 | MAY 18, 2000  9:00 A.M.<br>COURT OF COMMOM PLEAS<br>COURT HOUSE, MEDIA, PA. 19063 |

**CHARGE(S):** 22-6114 INDIRECT CRIMINAL CONTEMPT

ADDITIONAL CHARGES MAY EXIST. PLEASE SEE ADDITIONAL CHARGES PAGE.

**TYPE(S) OF RELEASE:**

[X] ROR  
[ ] Nominal Bail  
[ ] Unsecured Bail  
[ ] Monetary Condition(s) in the amount of $ 1000.00  
[ ] Nonmonetary Condition(s) (see additional page(s))

**THE CONDITIONS OF THIS BAIL BOND ARE AS FOLLOWS:**
1. The defendant must appear at all times required until full and final disposition of the case.
2. The defendant must obey all further orders of the bail authority.
3. The defendant must give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within 48 hours of the date of the change.
4. The defendant must neither do, nor cause to be done, nor permit to be done on his/her behalf, any act as proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to retaliation against witnesses or victims), 18 Pa.C.S. §§ 4952, 4953.
5. The defendant must refrain from criminal activity.
6. DEFENDANT TO BE EVICTED FROM PREMISES AT 136 BARTLETT AVE., SHARON HILL, PA., IMMEDIATELY.

**TYPES OF SECURITY:**

[ ] Cash/Equivalent  [ ] Gov't Bearer Bonds  [ ] Realty w/in Commonwealth  
[ ] ___% Cash  [ ] Surety Bond  [ ] Realty outside Commonwealth  
TOTAL AMOUNT BAIL SET (IF ANY): $ _____  (see sureties page)

This bond is valid for the entire proceedings and until full and final disposition of the case including all avenues of direct appeal to the Supreme Court of Pennsylvania.

I AGREE THAT I WILL APPEAR AT ALL SUBSEQUENT PROCEEDINGS AS REQUIRED AND COMPLY WITH ALL THE CONDITIONS OF THE BAIL BOND

THIS BOND SIGNED ON __MAY 10, 2000__

at __SHARON HILL__, PENNSYLVANIA

_(Signature of Defendant)_

Signed and acknowledged before me this __10__ day of __MAY 2000__

X __Edward J. Hanson__ (SEAL)  
(Clerk of Court or Issuing Authority)

JUDGE OR ISSUING AUTHORITY   DATE

My commission expires first Monday of January,

PLEASE SEE ATTACHED PAGES FOR ADDITIONAL INFORMATION

DEFENDANT'S EXHIBIT B

## CERTIFICATE OF SERVICE

**I, Paola Tripodi Kaczynski, Esquire,** counsel for Defendant Sharon Hill Borough Police Department, only, state that true and correct copies of the within Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Complaint of Defendant Sharon Hill Borough Police Department were served upon the following individuals via Electronic filing or United States First Class mail this     day of October, 2002:

Richard F. Boone, Pro Se
136 Bartlett Avenue
Sharon Hill, PA  19079

Robert P. DiDomenicis, Esquire
Holsten & Associates
One Olive Street
Media, PA  19063
Attorney for the County of Delaware

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

_____
**PAOLA TRIPODI KACZYNSKI, ESQUIRE**
**Attorney ID No. 59602**
**One Olive Street**
**Media, PA  19063**
**(610) 566-8800**
**Attorney for Sharon Hill Borough Police Department**