IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD F. BOONE | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| SHARON HILL BOROUGH PD, et al. | : NO. 02-3726 |

## **MEMORANDUM AND ORDER**

AND NOW, this 14th day of November, the motions of defendants Sharon Hill Borough Police Department and County of Delaware to dismiss the complaint under Fed. R. Civ. P. 12(c)(6) [1] are granted, without prejudice. Jurisdiction is federal question and supplemental. 28 U.S.C. §§§§ 1331; 1343; 1367.

Plaintiff Richard F. Boone filed this action *pro se*. According to the complaint, he was arrested by the Sharon Hill Police Department "for being in my home" and "unlawfully restrained, falsely imprisoned and caused a repetitious badgering," which has left him "in a state of dementia, schizophrenic and pathological." These allegations will be treated as claims for false imprisonment and unlawful arrest, 42 U.S.C. § 1983, and for the state tort of intentional infliction of emotional distress.[2]

Defendants do not dispute that on June 17, 2000, plaintiff was arrested at his home by a Sharon Hill Borough police officer and detained in jail until June 22, 2000. The

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), all material allegations in the complaint are accepted as true and viewed most favorably to plaintiff, and dismissal is appropriate only if it appears that plaintiff could prove no set of facts that would entitle relief. Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001).

[2] In reviewing a complaint for dismissal for failure to state claim, *pro se* pleadings must be liberally construed and the applicable law applied "irrespective of whether complainant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 687 (3d. Cir. 2002) (citations omitted).

County of Delaware contends, however, that claims against it should be dismissed because nothing in the complaint suggests that any of its employees or agents had any contact with plaintiff and the county is immune from tort liability under Pennsylvania law. Sharon Hill PD contends that the complaint should be dismissed because it had probable cause to arrest defendant. [3]   Both defendants contend that the complaint fails under <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978).

Local government entities may be sued under § 1983 only if their policies, practices, customs, regulations or enactments violated the plaintiff's constitutional rights and caused injury. <u>Monell</u>.  They are not liable under a *respondeat superior* theory for acts of their employees. <u>Id</u>.

The complaint contains no <u>Monell</u> allegations and plaintiff has not filed claims against the individual arresting officers.  The pleadings contain no allegations sufficient under any set of facts to entitle plaintiff to relief against defendants.

Section 8542(a)(2) of the Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA") bars the state claim for emotional distress. A municipal subdivision is liable only for certain "negligent acts" of the local agency or an employee of the local agency enumerated in the statute, not pertinent here, and "negligent acts" excludes "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." §§

---

[3] In support of its motion, Sharon Hill PD attached copies of a February 17th 2002, Consent Agreement and Protection from Abuse Order, between Richard Boone and his wife, Sharon Boone and an April 17, 2000, bail bond with a condition that defendant be evicted from the Boone home.  Matters of public record may be considered on a motion to dismiss without converting the motion to one for summary judgment. Fed. R. Civ. P. 56; <u>U.S. Express Lines Ltd. v. Higgins</u>, 281 F.3d 383, 388 (3d. Cir. 2002); <u>Nappier v. Pricewaterhouse Coopers LLP.</u>, --- F.Supp.2d ----, 2002 WL 31235438 *3 (D.N.J. 2002); 2 James Wm. Moore, et al., *Moore's Federal Practice,* §§ 12.34[2] (3d ed.2002).

8542(a)(2). False arrest and false imprisonment are intentional torts. DeBellis v. Kulp 166 F.Supp.2d 255, 279 (E.D.Pa. 2001); Max v. City of Philadelphia, 102 F. Supp. 2d 609, 610-611 (E.D. Pa. 2000).

Supplemental jurisdiction over the state claims is declined without prejudice to assertion in state court. 28 U.S.C. § 1367(c).

_____
Edmund V. Ludwig, J.